**Jose Pablo MARTINEZ, a.k.a. Jase Martinez, Petitioner,**

v.

**Superior LINEN, Respondent.**

**No. 13–71950.**

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2014.*

Filed June 17, 2014.

Jose Pablo Martinez, N.Las Vegas, NV, pro se.

David E. Bruggenwirth, Esquire, Cohen–Johnson, LLC, Las Vegas, NV, for Respondent.

Before: McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

MEMORANDUM **

Jose Pablo Martinez petitions pro se for review of a final order of an administrative law judge ("ALJ") in the Office of the Chief Administrative Hearing Officer dismissing Martinez's complaint alleging unfair immigration-related employment discrimination and retaliation in violation of the Immigration Reform and Control Act, 8 U.S.C. § 1324b. We have jurisdiction under 8 U.S.C. § 1324b(i)(1). We review de novo the ALJ's conclusions of law and for substantial evidence the ALJ's findings of fact. *Mester Mfg. Co. v. INS*, 879 F.2d

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

574

561, 565 (9th Cir.1989). We deny the petition for review.

The ALJ correctly granted a summary decision as to Martinez's claims of discriminatory and retaliatory discharge because Martinez failed to raise a genuine dispute of material fact regarding whether Superior Linen's legitimate, nondiscriminatory, and nonretaliatory reasons for discharging him were pretextual and whether a causal link existed between his protected activity and his subsequent discharge. *See Villegas–Valenzuela v. INS*, 103 F.3d 805, 812 (9th Cir.1996) (setting forth the standard for summary decision); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir.2003) ("[I]ndividuals are similarly situated when they have similar jobs and display similar conduct."); *Knickerbocker v. City of Stockton*, 81 F.3d 907, 912 (9th Cir.1996) ("[A]n inference [of retaliation based on the timing of adverse action] is not compelled where other evidence provides a reasonable basis for inferring that adverse action was not retaliatory.").

We construe Martinez's Motion to Dismiss the Respondent's Answering Brief as a motion to strike the answering brief, and we deny the motion because Superior Linen filed its answering brief in accordance with the applicable rules. *Cf.* 9th Cir. R. 28–1(a).

We deny as procedurally improper Superior Linen's request for attorneys' fees and costs, set forth in its opposition to Martinez's motion. *See* 9th Cir. R. 39–1.6.

**PETITION FOR REVIEW DENIED.**